No. 199

No. 20076—The Guardian Savings & Trust Co., Trustee, v. The Templar Motors Co., and the State of Ohio. Error to the Court of Appeals of Cuyahoga county.

313. CORPORATIONS—1. The franchise upon an Ohio corporation, under the 1925 amendment to 5498 GC., accrues against it, though its property is in the hands of a receiver authorized to continue its business, who in fact so acts.

2. Where the State seeks to collect such tax against the receiver, the question for determination is of mixed law and fact, and the inquiry of fact relates to the manner of his control, and whether his operations amounted to a continuation of the business.

3. Where creditors procure appointment of a receiver, and pleadings allege solvency and danger of suffering judgments and depreciation and dissipation of assets, and does not pray dissolution, determination of liens nor distribution, but asks for a receiver to administer the property with power to issue receiver's certificates and continue the business, which the court grants, and the receiver so continues it, and at a profit, and after one year asks authority to sell, and does sell the property as a going concern, such facts constitute a continuation of the business.

MARSHALL, C. J.

1. Section 5498, General Code, prior to its amendment in 1925 imposed a franchise tax upon Ohio corporations for the privilege of exercising corporate franchises and the tax accrues against a corporation though its property is in the custody and control of a receiver

(Continued on page 158)

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio,

under the Act of March 3, 1879.

Issued Every Saturday        50 Weeks of the Year

**SUBSCRIPTION PRICES AND TERMS**

One year (50 issues) Payable in Advance........$15.00

Single Numbers ................................. .35

When cash is mailed to us in advance
20 per cent discount

RENEWALS not prepaid (per mo. $1.25).......$15.00

No discount allowed after expiration date

THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

Address all mail communications to P. O. Box 2455,
Cleveland, O.

**EXPIRATIONS**

We send notices to subscribers, four weeks in advance of the date to which their application is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

## CASES AND COMMENT

By the Laning System of publishing epitomized opinions, the burden which lawyers had formerly to assume each week, to keep pace with the work of the Ohio Courts, by having to read page after page of dry legal literature, mostly in books or advance parts, has been lifted, and most practitioners are not only finding pleasure, but saving time, and more fully informing themselves, by being spared this task. The substitution of the Abstract's epitomes, much quicker to peruse, and easier to comprehend and recollect, has done much towards doing away with what formerly was the drudgery of the law practice. It indexes and digests also so facilitate research work in every office, as to further felicitate and gratify the Bench and Bar.

## "RES IPSA LOQUITOR"

CAPPLE & SCHAEFFER
Lawyers,
CHILLICOTHE, OHIO.
Feb. 18, 1927.

The Law Abstract Company,
Cleveland, Ohio.

Gentlemen:

Having been subscribers of the Ohio Law Abstract for the past several years, and having discontinued the same commencing with the first of this year, we have now come to the conclusion that the discontinuance was a mistake on our part, and desire to now again become subscribers.

We would like to have copies from January 1st of this year, as, having been a former subscriber, these copies will keep our files of the Abstract unbroken.

Respectfully yours,
CAPPLE & SCHAEFFER.

(Continued from page 157)

if the receiver is authorized to continue the usual business of the corporation in furtherance of the purposes stated in its articles of incorporation and if such receiver in fact continues such business.

2. Where the state seeks to collect such franchise tax for the period during which the property was in the custody and control of a receiver the question for determination is one of mixed law and fact and the inquiry of fact relates to the manner of control by the receiver and whether or not his operations amounted to a continuation of the business.

3. Where creditors of an Ohio corporation by means of court proceedings procure the appointment of a receiver and the pleadings allege that the corporation is solvent but in danger of suffering judgments and consequent depreciation and dissipation of assets and does not pray dissolution of the corporation nor determination of liens nor distribution of assets but asks that the court administer the property and appoint a receiver with the incidental powers of a receiver including the power to borrow money on issuance of receiver's certificates and to continue the business and where the court orders the continuance of the business and where the receiver files frequent reports showing continuation of the business on a small scale using materials on hand and purchasing other materials producing finished product and marketing the same all of which operations are conducted at a profit, and after the lapse of approximately one year applies for and obtains authority to sell the property and actually sells the same as a going concern, the court does not commit error of law in finding that such facts constitute a continuance of the business by such receiver.

Judgment affirmed.

Day, Allen, Robinson, Jones and Matthias, JJ., concur.